**DYKEMA GOSSETT LLP**
Jeffrey Huron (SBN: 136585)
*jhuron@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, CA  90071
Telephone: (213) 457-1800
Facsimile:  (213) 457-1850

Attorney for the Defendant
STERLING JEWELERS INC.,
a Delaware corporation,

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA WISEMAN, an individual, <br><br>  Plaintiff, <br><br> v. <br><br> STERLING JEWELERS, INC., a Delaware corporation, <br><br>  Defendant. | CASE NO.  **'17 CV 0968 L   MDD** <br><br> **NOTICE OF REMOVAL OF ACTION** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

Defendant Sterling Jewelers Inc. ("Sterling"), by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives Notice of Removal of this action to the United States District Court for the Southern District of California, and states as follows:

1. Pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446, Sterling hereby gives notice that the civil action presently pending in the Superior Court of the State of

California for the County of San Diego, entitled *Christina Wiseman v. Sterling Jewelers, Inc.*, Case No. 37-2017-00013148-CL-MC-CTL, is hereby removed to this Court.

2.   Plaintiff Christina Wiseman filed this action against Sterling in the Superior Court of the State of California for the County of San Diego on April 12, 2017.

3.   Plaintiff has not yet served Sterling with the Complaint or a Summons in this action. Sterling received a copy of the Complaint for the first time on April 17, 2017.

4.   The Plaintiff's Complaint asserts four causes of action: (1) Negligent Violations of the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227, *et seq.*) (Count I); (2) Knowing and/or Willful Violations of the Telephone Consumer Protection Act ("TCPA") (47 U.S.C. § 227, *et seq.*) (Count II); (3) Violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") (Cal. Civ. Code § 1788, *et. seq.*) (Count III); and (4) Negligence (Count IV).

5.   The Plaintiff's claims for violation of the RFDCPA and for Negligence arise from the same common nucleus of facts as and are so related to the Plaintiff's claims under the TCPA that they form part of the same case or controversy under Article III of the United States Constitution. Indeed, all of the Plaintiff's claims arise from the same debt and the same alleged efforts to collect that debt.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CA 90071

6. Specifically, in support of the Plaintiff's claims, the Complaint alleges that sometime around 2015, Plaintiff incurred a debt to Sterling. See Compl. at ¶ 19. In June 2016, Sterling allegedly began calling Plaintiff's cellular telephone using an automatic telephone dialing system and/or an artificial or pre-recorded voice. See Compl. at ¶ 21. On August 24, 2016, Plaintiff's attorney, Daniel G. Shay, allegedly sent Sterling a cease and desist letter which gave Sterling notice that the Plaintiff was represented by Mr. Shay and which also revoked any previously granted consent for Sterling to contact the Plaintiff. See Compl. at ¶¶ 24, 36. The letter was sent by facsimile and U.S. Mail. See Compl. at ¶ 24. The Complaint alleges that despite Plaintiff's counsel sending the cease and desist letter, Sterling continued to make telephone calls to the Plaintiff's cellular telephone using an automatic telephone dialing system and pre-recorded messages in an attempt to collect the Plaintiff's debt. See Compl. at ¶¶ 23-27.

7. The Plaintiff's Complaint alleges that the telephone calls made by Sterling to the Plaintiff violated: (a) the TCPA's prohibition on calling a person's cellular telephone using an automatic telephone dialing system without the person's consent (See Compl. at ¶¶ 44, 52-53, 56-57); and (b) the RFDCPA's prohibitions on a creditor, in attempting to collect a debt: (i) communicating with a debtor when the creditor has been previously notified that the debtor is represented by an attorney (See Compl. at ¶¶ 45, 50); (ii) engaging in conduct the natural consequence of which is to harass, oppress or abuse a person (See Compl. at ¶ 46); (iii) communicating with

NOTICE OF REMOVAL BY STERLING JEWELERS, INC.

a debtor after the creditor has received a request to cease communications with the debtor (See Compl. at ¶ 47); (iv) using unfair or unconscionable means to collect a debt (See Compl. at ¶ 48); and (v) communicating with a debtor with such frequency so as to be unreasonable and constitute harassment against the debtor (See Compl. at ¶ 49).

8. The Plaintiff's Complaint also alleges that the telephone calls made by Sterling to the Plaintiff constituted negligence by Sterling. Specifically, the Complaint alleges that Sterling owed the Plaintiff a duty of care to: (a) cease direct communications with the Plaintiff upon receiving the cease and desist letter; (b) reasonably protect Plaintiff's privacy rights; and (c) avoid placing repeated unwanted calls to Plaintiff. See Compl. at ¶ 62. The Complaint alleges that Sterling breached that duty by making telephone calls to the Plaintiff after the Plaintiff's counsel sent the cease and desist letter. See Compl. at ¶ 63.

9. Thus, all of the Plaintiff's claims arise from the same debt and the same alleged efforts to collect that debt. All of the claims in the Complaint arise from the same nucleus of common facts and are so related that they form part of the same case or controversy under Article III of the United States Constitution.

10. 28 U.S.C. § 1441(a) authorizes removal of the state court action to this Court because a defendant may remove any civil action which a plaintiff files in state court if a United States District Court also has original jurisdiction.

11. Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over the Plaintiff's claims under the TCPA, Counts I and II of the Complaint.

12. Based on the foregoing, and pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the Plaintiff's claim under the RFDCPA, Count III of the Complaint, and the Plaintiff's claim for negligence, Count IV of the Complaint, because such claims are so related to the Plaintiff's claims under the TCPA that they form part of the same case or controversy under Article III of the United States Constitution.

13. Sterling is not in default and this Notice of Removal has been timely filed within thirty (30) days of receipt by Sterling of the Complaint on April 17, 2017. 28 U.S.C. §§ 1446(b)(1) & 1446(b)(2)(B).

14. Pursuant to 28 U.S.C. § 1446(b)(2)(A), all defendants who have been properly joined and served in this action have joined in this Notice of Removal, as Sterling is the only defendant in this action.

15. Sterling has not yet been served with any process, pleadings or orders in this action. However, Sterling has obtained a copy of the Plaintiff's Complaint, which is attached hereto as Exhibit "A". 28 U.S.C. § 1446(a).

16. On the same date as this Notice of Removal was signed, Sterling served by U.S. Mail a copy of this Notice of Removal upon Plaintiff's counsel at the addresses set forth in the Complaint:

| | |
|---|---|
| Joshua B. Swigart, Esq.<br>Yana A. Hart, Esq.<br>Hyde & Swigart<br>2221 Camino Del Rio South, Suite 101<br>San Diego, CA 92108 | Daniel G. Shay, Esq.<br>Law Office of Daniel G. Shay<br>409 Camino Del Rio South, Suite 101B<br>San Diego, CA 92108 |

Abbas Kazerouniam Esq.
Kazerouni Law Group, APC
245 Fischer Avenue
Costa Mesa, CA 92626

17. On the same date as this Notice of Removal was signed, Sterling served and filed a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of San Diego, the court in which this action was commenced and pending at the time this Notice of Removal was filed with the Court. 28 U.S.C. § 1446(d). See Notice of Removal filed in state court (without attachments) attached hereto as Exhibit "B".

18. Sterling removed this case to the Southern District of California because San Diego County, California is in the Southern District of California. 28 U.S.C. § 1441(a).

19. Federal Rule of Civil Procedure 81(c)(2)(C) gives Sterling twenty-one (21) days from the date of this removal to answer or file a motion in response to the Complaint.

WHEREFORE, Defendant, Sterling Jewelers Inc., respectfully requests that the above-styled action now pending against Sterling in the Superior Court of the State of California for the County of San Diego be removed therefrom to the United States District Court for the Southern District of California.

| | | |
|---|---|---|
| Dated: May 10, 2017 | | DYKEMA GOSSETT LLP |

By: *//s// Jeffrey G. Huron*
Joshua A Mize, Esq.
D.C. Bar No. 1032208
Florida Bar No. 86163
Virginia Bar No. 90413
West Virginia Bar No. 13086
(*pro hac vice* upcoming)
MORRIS, MANNING & MARTIN, LLP
1401 Eye St. NW, Suite 600
Washington, D.C. 20005
Tel: (202) 971-4085
Fax: (202) 408-5146
jmize@mmmlaw.com

and

Jeffrey G. Huron, Esq.
California Bar No. 136585
DYKEMA GOSSETT LLP
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 457-1800
Fax: (855) 230-2495
jhuron@dykema.com

# CERTIFICATE OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, CA 90071.

On the date set forth below, I served the foregoing document(s) described as: **NOTICE OF REMOVAL OF ACTION** on the interested parties in this action as follows:

| | |
|---|---|
| Joshua B. Swigart, Esq. | Daniel G. Shay, Esq. |
| Yana A. Hart, Esq. | Law Office of Daniel G. Shay |
| Hyde & Swigart | 409 Camino Del Rio South, Suite 101B |
| 2221 Camino Del Rio South, Suite 101 | |
| San Diego, CA 92108 | San Diego, CA 92108 |

Abbas Kazerouniam Esq.
Kazerouni Law Group, APC
245 Fischer Avenue
Costa Mesa, CA 92626

☑ **(BY MAIL)** I AM "READILY FAMILIAR" WITH THE FIRM'S PRACTICE OF COLLECTION AND PROCESSING CORRESPONDENCE FOR MAILING. UNDER THAT PRACTICE IT WOULD BE DEPOSITED WITH U.S. POSTAL SERVICE ON THE SAME DAY WITH POSTAGE THEREON FULLY PREPAID AT LOS ANGELES, CALIFORNIA IN THE ORDINARY COURSE OF BUSINESS. I AM AWARE THAT ON MOTION OF THE PARTY SERVED, SERVICE IS PRESUMED INVALID IF POSTAL CANCELLATION DATE OR POSTAGE METER DATE IS MORE THAN ONE DAY AFTER DATE OF DEPOSIT FOR MAILING ON AFFIDAVIT.

☐ **(BY E-MAIL OR ELECTRONIC TRANSMISSION)** I CAUSED A COPY OF THE DOCUMENT(S) TO BE SENT FROM E-MAIL ADDRESS JHURON@DYKEMA.COM TO THE PERSONS AT THE E-MAIL ADDRESSES LISTED IN THE SERVICE LIST. I DID NOT RECEIVE, WITHIN A REASONABLE TIME AFTER THE TRANSMISSION, ANY ELECTRONIC MESSAGE OR OTHER INDICATION THAT THE TRANSMISSION WAS UNSUCCESSFUL.

☐ **(STATE)** I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.

☑ **(FEDERAL)** I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on May 10, 2017, at Los Angeles, California.

*//s// Efrain Bailon*
Efrain Bailon