# Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Sterling Jewelers, Inc. & DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Christina Wiseman

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*



2017 APR 12  A 11: 55

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Ct. of CA, County of San Diego

330 West Broadway
San Diego, CA 92101

CASE NUMBER:
*(Número del Caso):*
**37-2017-00013148-CL-MC-CTL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua Swigart, Hyde & Swigart, 2221 Camino Del Rio South, Suite 101, San Diego; 619-233-7770

DATE: APR 1 3 2017
*(Fecha)*

Clerk, by  ℓ. Mellis  L. Melles , Deputy
*(Secretario)*  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

ORIGINAL

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Daniel G. Shay, Esq (SBN: 250548)
danielshay@tcpafdcpa.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292



Additional Attorneys for Plaintiff on Signature Page

*Attorney for Plaintiff,*
Christina Wiseman

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN DIEGO – HALL OF JUSTICE

| | |
|---|---|
| Christina Wiseman, | Case No: 37-2017-00013148-CL-MC-CTL |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| vs. | |
| Sterling Jewelers, Inc. & DOES 1-10, | 1. **NEGLIGENT VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227 ET SEQ.** |
| Defendants. | 2. **KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA), 47 U.S.C. § 227** |
| | 3. **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32** |
| | 4. **NEGLIGENCE** |
| | **LIMITED JURISDICTION JURY TRIAL DEMANDED** |

1

Complaint for Damages



## Introduction

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deception collection practices undermine the public confidence that is essential to the continued function of the banking and credit system and sound extension of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices. The California Rosenthal Fair Debt Collection Practices Act ("RFDCPA") incorporates FDCPA violations through Cal. Civ. Code § 1788.17.

3. Christina Wiseman ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Sterling Jewelers, Inc. ("Sterling" or "Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff also brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of

Complaint for Damages

2

Defendant in negligently or intentionally contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorney.

5. The TCPA was designed to prevent calls and messages like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

6. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

7. Congress specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of

privacy, regardless of the type of call...." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

8. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

**Jurisdiction and Venue**

9. Jurisdiction of this Court arises pursuant to general state jurisdiction.

10. Venue is proper in San Diego because the illegal acts alleged herein took place within the County of San Diego.

**Parties**

11. Plaintiff is a resident in the County of San Diego, State of California.

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

13. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

14. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation registered in Delaware with its principal place of business in Ohio. Sterling operates under parent company Signet Jewelers Limited and uses at least twelve brand names, including but not limited to, Kay Jewelers (collectively referred to as "Sterling"). Plaintiff alleges

4

Complaint for Damages

that at all times relevant herein Defendant conducted business in the State of California, in the County of San Diego, within this judicial district. Defendant is, and at all times mentioned herein was, a "person," as defined by Cal. Civ. Code § 1788.2(g).

15. Defendant, in the ordinary course of business, regularly, on behalf of itself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as defined in California Civil Code § 1788.2(c).

16. Defendant is, and at all times mentioned herein, a "person," as defined by 47 U.S.C. § 153 (39).

17. This case involves money, property, or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

18. The true names and capacities of Defendants sued herein under California Code of Civil Procedure § 474 as Does 1-10 are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff will seek to amend this Complaint and include these Doe Defendants' true names and capacities when they are ascertained. The fictitiously named Defendants are responsible in some manner for the conduct alleged herein and for the damages suffered by Plaintiff.

## Factual Allegations

19. Sometime around 2015, Plaintiff incurred an alleged "consumer" debt, as that term is defined under Cal. Civ. Code § 1788.2(f) for Plaintiff's Sterling credit account.

20. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil

Complaint for Damages

5

Code § 1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

21. In June 2016, Defendant began calling Plaintiff's cellular telephone from various numbers, including but not limited to 760-291-1629, 706-210-2645, 209-238-9717, 423-209-9123, 702-655-0269, and 847-679-2065, using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

22. On August 24, 2016, Plaintiff's attorney Daniel G. Shay ("Shay") sent two Cease and Desist letters to Defendant in regard to Plaintiff's Sterling account. These letters included a Power of Attorney, Shay's contact information and served as written Notice of Representation. Shay sent one letter by facsimile to Defendant by way of Defendant's facsimile number ending in 5184. Shay sent one letter by First Class U.S. Mail to Defendant's address in Fairlawn, Ohio.

23. Nevertheless, on August 24, 2016, Defendant called Plaintiff's cellular phone ending with "6159" from (847)679-2065, leaving Plaintiff a pre-recorded message on Plaintiff's voicemail, in attempt to collect the alleged debt.

24. On August 25, 2016, despite Shay's Cease and Desist letters, Defendant called Plaintiff's cellular telephone ending in "6159" two times from the telephone numbers 706-210-2645 and 209-238-9717 in attempt to collect the debt.

25. On August 27, 2016, Defendant called Plaintiff's cellular telephone ending in "6159" from the telephone number 423-209-9123, and a pre-recorded voice left a message for Plaintiff in attempt to collect the debt.

26. On August 28, 2016, Defendant made two calls to Plaintiff's cellular telephone ending in "6159" from the telephone numbers 706-210-2645 and 209-238-9717 in attempt to collect the debt.

6
Complaint for Damages
16

27. On August 29, 2016, Defendant called Plaintiff's cellular telephone ending in "6159" two more times from the telephone numbers 706-210-2645 and 209-238-9717 in attempt to collect the debt.

28. On August 30, 2016, Shay sent four more Cease and Desist letters to Defendant in regard to Plaintiff's Sterling account. These letters included a Power of Attorney, Shay's contact information and served as written Notice of Representation. Shay sent two letters by facsimile to Defendant by way of Defendant's facsimile number ending in 6704. Shay sent two letters by First Class U.S. Mail to Defendant's address in Akron, Ohio.

29. On September 20, 2016, Defendant sent Shay a letter in response to the Cease and Desist letters, acknowledging Defendant's knowledge of Shay's contact information and representation of Plaintiff.

30. Beginning on or around August 25, 2016 through August 30, 2016 (and likely beyond August 30, 2016) Defendant repeatedly called Plaintiff's cellular phone using an ATDS and with a pre-recorded or artificial voice.

31. The ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

32. Under Cal. Civ. Code § 1788.14(c), debt collectors are not to initiate communications in regard to the consumer debt with a consumer when the debt collector has been previously notified in writing by the debtor's attorney that the debtor is represented by such attorney with respect to the consumer debt.

33. Plaintiff was injured because her privacy rights were infringed upon in the form of harassment by Defendant.

34. When individuals seek attorneys to represent them in cases such as these, they trust attorneys to handle their legal matters. When companies, like Defendant, attempt to communicate with an individual who has representation, it interferes with the attorney-client relationship.

35. Plaintiff did not provide express consent to Defendant to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).
36. Further, Plaintiff specifically revoked any consent (which Defendant may have mistakenly believed existed), when Shay sent the Cease and Desist letters for Plaintiff.
37. Through this action, Plaintiff suffered an invasion of her legally protected interest in privacy, which is specifically addressed and protected by the TCPA.
38. Plaintiff was personally affected because she was frustrated and distressed that despite the Cease and Desist letters, Defendant continued to harass Plaintiff with calls using an ATDS.
39. Plaintiff is informed and believes and here upon alleges, that these calls were made by Defendant or Defendant's agent, with Defendant's permission, knowledge, control and for Defendant's benefit.
40. Defendant's calls forced Plaintiff to live without the utility of Plaintiff's cell phone by forcing her to silence her cell phone and/or block incoming numbers.
41. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).
42. These telephone calls constitute calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).
43. Plaintiff did not provide "prior express consent" to Defendant to place telephone calls to Plaintiff's cellular telephone utilizing an ATDS as proscribed under 47 U.S.C. § 227(b)(1)(A).
44. These telephone calls by Defendant or its agents violated 47 U.S.C. § 227(b)(1).
45. By continuing to contact Plaintiff regarding this alleged debt, Defendant violated Cal. Civ. Code § 1788.17 regarding 15 U.S.C. § 1692b(6) by communicating with Plaintiff directly despite Shay's correspondence notifying Defendant of Shay's representation with respect to the alleged debt.

46. By continuing to contact Plaintiff regarding this alleged debt, Defendant violated Cal. Civ. Code § 1788.17 regarding 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which were to harass, oppress, or abuse a person in connection with the collection of a debt.

47. By continuing to contact Plaintiff regarding this alleged debt, Defendant violated Cal. Civ. Code § 1788.17 regarding 15 U.S.C. § 1692c(e) by continuing contacting Plaintiff despite Shay's written cease and desist correspondence.

48. Through this conduct, Defendant violated Cal. Civ. Code § 1788.17 regarding 15 U.S.C. § 1692f by using unfair and unconscionable means in connection with the collection of Plaintiff's debt.

49. By continuing to contact Plaintiff regarding this alleged debt, Defendant violated Cal. Civ. Code § 1788.11(e) by communicating by telephone with a represented Plaintiff, despite Shay's Cease and Desist letters, with intent to harass Plaintiff in connection with the collection of a debt.

50. By continuing to contact Plaintiff regarding this alleged debt, Defendant violated Cal. Civ. Code § 1788.14(c) by contacting Plaintiff directly despite Shay's correspondence notifying Defendant of Shay's representation of Plaintiff in connection with the collection of a debt.

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS OF THE
### TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227

51. Plaintiff repeats, re-alleges, and incorporates by reference, all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple violations of the TCPA, including but not limited to each and every one of the above-cited provisions of the TCPA, 47 U.S.C. 227 et. seq.

53. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT (TCPA)
### 47 U.S.C. § 227

55. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs of this Complaint as though fully stated herein.

56. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

57. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

### THIRD CAUSE OF ACTION
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

58. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

59. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code § 1788-1788.32.

60. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000 pursuant

to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

### FOURTH CAUSE OF ACTION
### NEGLIGENCE

61. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

62. Defendant owed a duty of care to Plaintiff to cease any direct communications with Plaintiff upon Shay's Cease and Desist letters, to reasonably protect Plaintiff's privacy rights, and to avoid placing repeated unwanted calls to Plaintiff.

63. Defendant negligently failed to take affirmative steps to cease and desist any direct communication with Plaintiff, and to avoid making repeated unwanted and unauthorized telephone calls for the purpose of collecting debt from Plaintiff.

64. Defendant's conduct proximately caused injuries to Plaintiff.

65. Due to Defendant's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

66. Plaintiff believes and alleges that Defendant's conduct of making repeated unwanted and unauthorized telephone calls to Plaintiff and its failure to provide meaningful disclosure constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendant's conscious disregard for the rights of Plaintiff. As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

### Prayer For Relief

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### FIRST CAUSE OF ACTION
### NEGLIGENT VIOLATIONS
### OF THE TCPA, 47 U.S.C. § 227 ET. SEQ.

- Statutory damages of $500.00 for each negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF
### THE TCPA, 47 U.S.C. § 227 ET. SEQ.

- Statutory damages of $1,500.00 for each knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### THIRD CAUSE OF ACTION
### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c);
- Any other relief the Court may deem just and proper.

### FOURTH CAUSE OF ACTION
### NEGLIGENCE

- As a result of Defendant's negligence, Plaintiff is entitled to money damages in an amount to be proven at trial;

12

Complaint for Damages

- An award of punitive damages, in an amount to be adduced at trial, from Defendant; and
- Any and all other relief that the Court deems just and proper.

## JURY TRIAL DEMAND

67. Plaintiff hereby demands a trial by jury.

Date: April 11, 2017

Respectfully submitted,

**HYDE & SWIGART**

By: _____
Joshua B. Swigart, Esq.
josh@westcoastlitigation.com
*Attorney for Plaintiff*
*Christina Wiseman*

Additional Attorneys for Plaintiff:

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**KAZEROUNI LAW GROUP, APC**
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Daniel G. Shay, Esq. (SBN: 250548)
danielshay@tcpafdcpa.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Suite 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292